UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| OSBALDO LEMUS BERRIOS, | Civil Action No. TDC-20-3193 |
| Plaintiff, | |
| v. | |
| MICHAEL LAWLOR et al., | |
| Defendants. | |

### DEFENDANTS' MOTION TO DISMISS

Defendants Michael Lawlor and Brennan, McKenna & Lawlor (improperly named as Lawlor & Englert LLC), by and through undersigned counsel, respectfully move this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), 9(b), and 28 U.S.C. §§ 1915(e)(2)(B)(ii). Defendants are not government or state actors and cannot be sued for any alleged violation of Plaintiff's constitutional rights. Construing the remaining claims as ones alleging breach of contract and fraud, Plaintiff has failed to state a claim. Accordingly, Plaintiff's Complaint should be dismissed.

### FACTS

1. Mr. Lawlor was appointed by the Office of the Public Defender to represent Plaintiff in a Petition for Post-Conviction Relief on August 22, 2016.

2. When Mr. Lawlor was appointed to represent Plaintiff, he was an attorney at Lawlor & Englert LLC, 6305 Ivy Lane, Suite 608, Greenbelt, Maryland 20070.

3. Mr. Lawlor left Lawlor & Englert LLC on January 1, 2018 and is now an attorney at Brennan, McKenna & Lawlor, 6305 Ivy Lane, Suite 700, Greenbelt, Maryland 20070.

4. Mr. Lawlor filed a Motion to Withdraw as Plaintiff's counsel on November 13, 2019.

5. Mr. Lawlor did not argue Plaintiff's Petition for Post-Conviction relief prior to terminating the attorney-client relationship.

6. On November 3, 2020, Plaintiff filed this complaint. ECF Dkt. No. 1.

7. Mr. Lawlor was not personally served with the summons or the Complaint. *See* ECF Dkt. Nos. 12 and 13.

8. On June 14, 2021, this Court issued an Order granting Plaintiff leave to proceed *in forma pauperis.* ECF Dkt. No. 10.

9. This Court issued an Order to Show Cause on November 17, 2021. *See* ECF Dkt. No. 14.

10. On November 22, 2021, Plaintiff, pro se, filed a Motion for Default Judgment and a Motion to Amend Default Judgment. See ECF Dkt. Nos. 15 and 16.

11. On January 19, 2022, this Court issued an Order denying Plaintiff's Motion for Default Judgment and Motion to Amend. ECF Dkt. No. 17. The Court ordered that the Complaint (ECF Dkt. No. 1), the Order to Show Cause (ECF Dkt. No. 14), an Amended Summons, a Waiver of Service, and the issued Order to be sent to Mr. Lawlor. The Order further gave Mr. Lawlor 21 days to respond to the Complaint and the Court's Order to Show Cause.

**ARGUMENT**

**I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

    A.    Motion to Dismiss Standard

A complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must offer more than "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement," and "a formulaic recitation of the elements of a cause of action . . ." *Nixon v. Kysela Pere Et Fils*, No. 5:21-cv-00011, 2021 U.S. Dist. LEXIS 156207, at *4 (W.D. Va. Aug. 19, 2021); citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). A complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Additionally, a complaint brought *in forma pauperis* must be dismissed if the Court determines that the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii).

    B.    42 U.S.C. § 1983 is Inapplicable

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and law of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *Allen v. Columbia Mall, Inc.*, 47 F. Supp. 2d 605, 609 (D. Md. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court must determine whether the person who committed the alleged violation is a "state official" or was "otherwise acting under the color of state law." *Id.* Even if called an "officer of the court," a lawyer representing a client is not "state actor under the color of state law within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("a defense lawyer characteristically opposes the designated representatives of the State"). Further, even though public defenders may be paid by the State, public defenders do not act under the color of state law within the

3

meaning of § 1983. *Id.* at 321. A private attorney representing a criminal defendant is "not acting under color of state law, and therefore is not amendable to suit under § 1983." *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *Wangerow v. Cohen*, No. GLR-19-2879, 2019 U.S. Dist. LEXIS 202837, at *10 (D. Md. Nov. 22, 2019).

Mr. Lawlor is a private attorney who was appointed by the Office of the Public Defender to represent Plaintiff in a Petition for Post-Conviction Relief. Mr. Lawlor is not a state actor under the color of law within the meaning of § 1983. Consequently, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail as a matter of law.

C. <u>Plaintiff Fails to Sufficiently Allege a Fraud Claim</u>

To establish a claim of fraud, a plaintiff must allege, with particularity that 1) the defendant made a false statement of fact, 2) the defendant knew the statement was false or acted with reckless disregard for the truth, 3) the defendant made the statement for the purpose of defrauding the plaintiff, 4) the plaintiff reasonably relied on the false statement, and 5) the plaintiff was damaged as a result. *Proter v. Medifast, Inc.*, No. GLR-11-720, 2013 U.S. Dist. LEXIS 44150, at *20 (D. Md. Mar. 28, 2013); *Thompson v. Countrywide Home Loans Servicing, L.P.*, No. L-09-2549, 2010 U.S. Dist. LEXIS 41762, at *9 (D. Md. Apr. 27, 2010).

An allegation of fraud has a heightened pleading standard and "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Failure to comply with Fed. R. Civ. P. 9(b) "is treated as a failure to state a claim under Rule 12(b)(6)." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). In a claim of fraud, a plaintiff must allege with particularity "the time, place, and contents of the false representations,

as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison* 176 F.3d at 784.

The only allegation Plaintiff makes in the Complaint is that "false, misleading, and fraudulent acts [that] placed the plaintiff in direct harm . . ." ECF Dkt. No. 1, at 2. Plaintiff fails to allege with any particularity any false statements made by Mr. Lawlor. Plaintiff also fails to allege that Mr. Lawlor made any false statements with the intent of defrauding Plaintiff, or that Plaintiff relied on any such statement. As a result, Plaintiff fails to allege a claim of fraud against Mr. Lawlor.

      D.     <u>Plaintiff Fails to Sufficiently Allege a Claim of Breach of Contract</u>

To establish a claim for breach of contract, a plaintiff must demonstrate that 1) a valid contract existed between the plaintiff and defendant, 2) there was a material breach by the defendant, and 3) that the plaintiff incurred damages as a result of the material breach. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 405 (D. Md. 2006); *Allen v. Bank of Am. Corp.*, No. CCB-11-33, 2011 U.S. Dist. LEXIS 92383, at *14 (D. Md. Aug. 18, 2011).

While Plaintiff alleges breach of contract, Plaintiff does not allege any of the elements necessary to establish this claim. *See* ECF Dkt. No. 1 at 3. Plaintiff alleges in the Complaint that "[b]y the Circuit Court appointing the defendants to represent the plaintiff a contract was in place. The plaintiff did not have to pay for the representation, but the contract was made with the Court in the interest of the plaintiff." *Id.*

As Mr. Lawlor was appointed by the Office of the Public Defender, there was no contract between Mr. Lawlor and the Office of the Public Defender. Furthermore, there was no valid

5

contract between Mr. Lawlor and Plaintiff. Thus, Plaintiff's claim for breach of contract must be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be granted and the Complaint dismissed with prejudice.


Dated: February 9, 2022                              Respectfully Submitted,


                                                                                /s/ Barry Coburn
                                                                                Barry Coburn
                                                                                Coburn & Greenbaum, PLLC
                                                                                1710 Rhode Island Avenue, N.W.
                                                                                Second Floor
                                                                                Washington, DC 20036
                                                                                Phone: (202) 643-9472
                                                                                Fax: (866) 561-9712
                                                                                barry@coburngreenbaum.com
                                                                                *Counsel to Michael Lawlor*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion will be served upon all counsel of record via this Court's electronic filing service, this 9th day of February, 2022.


                                                                              /s/ Barry Coburn

                                                                              Barry Coburn