UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OSBALDO LEMUS BERRIOS,

    Plaintiff,

v.

MICHAEL E. LAWLOR and
LAWLOR & ENGLERT, LLC,

    Defendants.

Civil Action No.: TDC-20-3193

**MEMORANDUM OPINION**

    Self-represented Plaintiff Osbaldo Lemus Berrios, a state inmate currently confined at the Maryland Correctional Institution Hagerstown in Hagerstown, Maryland, has filed a Complaint against Defendants Michael E. Lawlor and the law firm of Lawlor & Englert, LLC in which he alleges a violation of his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution, as well as common law claims of fraud and breach of contract, in connection with Lawlor's representation of Berrios in state post-conviction proceedings. Pending before the Court is Defendants' Motion to Dismiss, ECF No. 21, which Berrios opposes. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion to Dismiss will be GRANTED.

**BACKGROUND**

    Berrios, who is a citizen of Guatemala, was sentenced to a 50-year sentence by the Circuit Court for Montgomery County, Maryland following his conviction on charges of second-degree murder and a related firearm offense. In 2016, Lawlor was appointed by the Office of the Public

Defender to represent Berrios during post-conviction proceedings. According to Berrios, Lawlor never filed a petition on his behalf and instead requested eight "postponements" over a three-year period. Compl. at 4, ECF No. 1. Then, in November 2019, Lawlor withdrew from the case based on an asserted conflict of interest. The conflict of interest arose because Berrios had maintained that a government witness, Freddy Monroy, had framed him for a murder that Monroy actually committed, and Lawlor's law partner represented Monroy. Berrios alleges that Lawlor had questioned him about Monroy during a 2018 prison visit and was aware of Berrios's allegations about Monroy, yet waited a year before withdrawing from the case.

According to Berrios, the Office of the Public Defender's appointment of Lawlor to represent him in his post-conviction proceedings amounted to a contract that Lawlor breached by failing to file a petition or otherwise provide effective assistance of counsel. For example, although Berrios attempted to call Lawlor from prison on multiple occasions, he was only able to reach him twice, and both times Lawlor refused to discuss legal matters on the phone but then did not visit him as promised. Berrios also claims that Lawlor attempted to charge him a fee for the representation even though he was being paid by the court. In his view, this attempt to collect a fee amounted to a "fraudulent act." *Id.* at 5.

In his Complaint, Berrios alleges claims of a violation of the Sixth Amendment right to effective assistance of counsel, fraud, and breach of contract. Because he is an undocumented immigrant who is a citizen of Guatemala, Berrios has asserted diversity jurisdiction for his state law claims. *See* 28 U.S.C. § 1332(a)(1) (2018); *Assaf v. Trinity Med. Ctr.*, 696 F.3d 681, 685 n.1 (7th Cir. 2012) (stating that where the parties had agreed that the plaintiff was not admitted to the United States as a permanent resident, the court deemed him to be a citizen of Syria only, not of his state of residence, Illinois); *Berrios v. Keefe Commissary Network, LLC*, No. TDC-17-0826,

2018 WL 6462840, at *2 (D. Md. Dec. 10, 2018). He seeks over $5 million in compensatory and punitive damages.

## DISCUSSION

In the Motion to Dismiss, Defendants acknowledge that Lawlor was appointed in August 2016 by the Office of the Public Defender to represent Berrios in state post-conviction proceedings. Mot. Dismiss at 1, ECF No. 21. At that time, Lawlor was an attorney at Lawlor & Englert in Greenbelt, Maryland. *Id.* On January 1, 2018, Lawlor left that law firm and joined the law firm of Brennan, McKenna & Lawlor. *Id.* Defendants do not dispute that Lawlor did not file or argue a post-conviction petition on behalf of Berrios before he withdrew as counsel in November 2019. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Sixth Amendment claim fails because Lawlor was not a state actor and that Berrios has failed to state plausible claims of fraud and breach of contract.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II. Sixth Amendment

Berrios's Sixth Amendment claim is a federal constitutional claim asserted under 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright*, 510 U.S. at 271 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Section 1983 states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2018). At its core, a claim asserted under § 1983 is directed to unlawful conduct under color of law. *See Owens v. Balt. City State's Attorney Office*, 767 F.3d 379, 402 (4th Cir. 2014). To prevail on a § 1983 claim, a plaintiff must demonstrate that: (1) the defendant violated a right secured by the United States Constitution or federal law; and (2) the act or omission causing the violation of a right was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Private criminal defense attorneys also do not act under color of state law even if they are appointed by the court and thus cannot be liable under § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained counsel); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (state-appointed counsel). Because Lawlor was not a state actor for purposes of his representation of Berrios, the Sixth Amendment claim necessarily fails and will be dismissed.

### III. Fraud

Berrios asserts a claim of common law fraud based on the allegation that Lawlor asked him to pay a fee for his legal services even though he was appointed by the Office of the Public Defender. Defendants assert that Berrios has failed to state a plausible claim of fraud and that, more specifically, the fraud claim has not been alleged with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

The elements of a fraud claim under Maryland law are: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Gourdine v. Crews*, 955 A.2d 769, 791 (Md. 2008). Berrios has provided a copy of a July 11, 2009 letter from Lawlor stating his standard fees for representation for post-conviction work, but the letter pre-dates Lawlor's 2016 appointment by the Officer of the Public Defender by over six years. Here, even if Lawlor's alleged request for payment could be construed to be a false representation, whether as a false statement that he was entitled to payment or a false statement that he was not being paid by the state, Berrios has not claimed that he actually paid Lawlor. Accordingly, Berrios has not alleged that he actually relied on the false representation or that he suffered any injury from it. Where Berrios has not alleged facts showing that the fourth and fifth elements can be established, he has failed to state a plausible fraud claim.

To the extent that the Complaint could be construed as asserting a fraud claim based on the alleged conflict of interest, Berrios has asserted no facts demonstrating that Lawlor made any false

representation on this issue, much less one made for the purpose of defrauding Berrios, or that Berrios relied on any such false representation. At a minimum, Berrios has not alleged the false statement with sufficient particularity to meet the requirements of Rule 9(b). *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019) (stating that "[t]o satisfy Rule 9(b), a plaintiff must plead the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby"). Accordingly, the Court will grant the Motion to Dismiss as to the fraud claim.

## IV.   Breach of Contract

Berrios's breach of contract claim is based on his assertion that Lawlor had a contract to represent Berrios which he breached by failing to file a post-conviction petition on Berrios's behalf. Defendants argue that Berrios fails to state a claim for breach of contract because Lawlor had no contract with either the Office of the Public Defender or Berrios, and Berrios has failed to allege facts sufficient to show any breach of a contract.

Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). Here, Berrios has not asserted that he and Lawlor entered into a contract for legal services. To the extent that he references Lawlor's appointment by the Office of the Public Defender, he has not provided facts sufficient to support the conclusion that the appointment constituted a binding contract which he has a right to enforce. Even if the Court could consider the August 22, 2016 letter from the Office of the Public Defender informing Lawlor of his appointment, which Berrios attached to his memorandum in opposition to the Motion, Lawlor did not sign the letter or expressly agree to its terms. *See* Opp'n Ex. 9, ECF No. 33-1. Moreover, the Complaint does not allege any acts or

omissions by Lawlor that violated any requirements set forth in the letter. The letter contains no terms that imposed on Lawlor a contractual obligation to file a post-conviction petition, much less by any specified date. A general claim that Lawlor's representation was negligent or involved legal malpractice does not give rise to a breach of contract claim absent a specific failure to conduct a required action under the contract. *See Fishow v. Simpson*, 462 A.2d 540, 543-44 (Md. 1983) (holding that alleged legal malpractice does not give rise to an action for breach of contract absent the "employment of an attorney to perform a specific service in accordance with clearly stated instructions from the client-employer"). Notably, Lawlor's motions to extend the filing deadline were granted, such that there is no claim that Berrios's right to file a post-conviction petition was not preserved.

Accordingly, where the Complaint does not allege facts showing that there was a contract enforceable by Berrios and that Lawlor breached any specific term of that contract, the breach of contract claim will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date: September 15, 2022

THEODORE D. CHUANG
United States District Judge